IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REMINGTON FINANCIAL GROUP, INC.    :    CIVIL ACTION
    :
       v.    :
    :
SARAH CORCORAN    :    NO. 07-1710

**MEMORANDUM AND ORDER**

Ditter, J.    October 9, 2007

Before me is defendant's motion to dismiss plaintiff's complaint asserting: 1) failure to comply with Federal Rule of Civil Procedure 8 in failing to "confer jurisdiction;" 2) inapplicability of the Pennsylvania statute establishing declaratory relief; 3) failure to state a claim for breach of contract; 4) invalidity of a claim for breach of the implied duty of good faith and fair dealing; 5) failure to state a separate tort claim of fraud; and 6) failure to state a claim for which punitive damages are available.  For the reasons that follow, I will dismiss only the breach of the implied duty of good faith and will deny the motion to dismiss on all other grounds.

    1.  Jurisdiction

Remington Financial Group, Inc. ["RFG"], filed this case on March 7, 2007, in the Montgomery County Court of Common Pleas against two defendants, Sarah Corcoran and Mark Wishner.  On April 27, 2007, defendant Wishner removed the case to this court and, as was required, obtained and attached the consent of Corcoran.  *Notice of Removal, Ex. A.*  Corcoran now asserts that I should dismiss plaintiff's complaint for "its abject failure to meet the minimum pleading standards" requiring a "short and plain statement of the grounds upon which the court's jurisdiction depends."  *Def. Mot. to Dismiss*, p. 9.

Corcoran's argument turns the law on its head, ignoring basic tenets of civil procedure.

The party asserting federal jurisdiction bears the burden of pleading the facts necessary for its existence.  Wishner did so.  He brought the ship to the port.  The voyage need not be repeated.  Further, the proper remedy for a lack of federal jurisdiction is remand, not dismissal.  In spite of these basic principles, Corcoran argues for dismissal because the plaintiff has not asserted federal jurisdiction in its amended complaint.

Corcoran states she "joined in removal of this case from state to federal court, and then filed a motion to dismiss based upon Plaintiff's failure to comply with its pleading requirements.  There is nothing patently absurd about a Defendant removing a case and then filing a Rule 12 motion."  *Def. Reply*, p. 6.  This is true, but when the motion is based on a failure of the *plaintiff* to assert federal jurisdiction where the *defendant* has removed the case, it is absurd.  The motion to dismiss will be denied.[1]

2.  Declaratory Judgment

Corcoran's misunderstanding of the law continues in her second argument for dismissal where she asserts that the Pennsylvania state statute for declaratory relief, cited by the plaintiff, "is not followed by this Court."  *Def. Mot. to Dismiss*, p. 10.  As noted by the plaintiff, federal courts are permitted to exercise supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  This is such a claim.

Corcoran's arguments regarding the applicability and discretionary nature of the federal Declaratory Judgment Act are irrelevant because the plaintiff has not asserted a claim for relief

---

[1] I also note that Corcoran states that "Plaintiff mischaracterizes the purpose of removal by defendants."  If removal has any other  purpose aside from transferring a case from state court to federal court, I do not know what it is nor do I know how, when, or where plaintiff mischaracterizes it.

under the Act and is not required to do so.

       3.  Breach of Contract Claim

Despite Corcoran's faulty arguments regarding jurisdictional pleading, she does correctly note that the federal rules require only notice pleading.  In order to plead a proper claim for breach of contract under Pennsylvania law, a plaintiff must allege: "(1) the existence of a valid and binding contract to which he and the defendants were parties; (2) the contract's essential terms; (3) that he complied with the contract's terms; (4) that the defendants breached a duty imposed by the contract; and (5) damages resulting from the breach." *Gundlach v. Reinstein*, 924 F. Supp. 684, 688 (E.D. Pa.. 1996).

The existence of the contract and its essential terms are provided in the complaint which states,  "Corcoran agreed to become a [sic] RFG associate, agreed to work full-time as required, and agreed that on those transactions in which she was responsible for having the person or entity needing the financing, signed an exclusive Agreement with RFG, that Corcoran would receive 25% of the fee earned by RFG, but only when RFG received its fee." *Am. Compl.* ¶ 12.

RFG alleges that Corcoran breached the contract by not being available during normal business hours, working for another company while she was supposed to be employed by RFG full-time, and by failing to originate any transactions before January of 2005.  *Am. Compl.* ¶¶ 13, 14, 19, 32.  Finally, RFG alleges that it suffered $191,800 in damages by paying Corcoran more than she was entitled to receive.  *Am. Compl.* ¶ 36.

Corcoran argues first, that the contract is a unilateral agreement that could only be accepted by performance, and second, that even if the requirement to work "full-time" was a condition of the agreement it was waived by RFG's knowledge that Corcoran was working for

3

another company.

In deciding a motion to dismiss, I must consider all allegations as true and view all facts in the light most favorable to the plaintiff.  The complaint clearly avers more than a unilateral contract by alleging Corcoran was required to work full-time.  Further, a party is not required to enforce its contract immediately upon learning of a breach.  RFG's knowledge of Corcoran's second job did not, in and of itself, waive its right to enforce its agreement.  The breach of contract claim is properly pleaded.

    4.  Implied Covenant of Good Faith and Fair Dealing

The defendant correctly argues that Pennsylvania law does not allow a plaintiff to pursue a separate claim for a breach of an implied covenant of good faith and fair dealing.  *Kim v. Baik*, 2007 U.S. Dist. LEXIS 13553 (D. N.J. Feb.. 27, 2007); *JHE, Inc. v. SEPTA*, 2002 Phila. Ct. Com. Pl. LEXIS 78, *15-17 (Phila. Ct. Com. Pl. 2002).  Count III of the plaintiff's complaint will be dismissed.

    5.  Fraud Claim

Corcoran argues that the "gist of the action" doctrine prevents the plaintiff from asserting a separate fraud claim in this case because plaintiff simply alleges "that Defendant breached her contract by failing to perform."  The gist of the action doctrine does bar claims for fraud in the performance of a contract.  *eToll Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10 (Pa. Super. Ct. 2002).  However, where the fraud does not concern the performance of contractual duties, and instead relates to the inducement to enter the contract, a separate fraud claim is valid. *Sullivan v. Chartwell Investment Partners*, 873 A.2d 710, 719 (Pa. Super. Ct. 2005).

RFG clearly states that its fraud claim is "Fraud in the Inducement," not fraud in

performance.  *Compl. Count IV*.  The complaint states that RFG paid Corcoran directly because of her representations to the company and that in making the promise to work full time she expressly misled RFG, resulting in more money than would otherwise have been offered.  *Am. Compl.* ¶¶40-44.  Because this is a claim of inducement, not of performance, the fraud claim is collateral to the contract and will not be dismissed.

     6.  Punitive Damages

Corcoran's argument seeking dismissal of the claim for punitive damages relies on the dismissal of the fraud count.  Because the fraud count remains, the plaintiff is permitted to seek punitive damages.

In summary, defendant's arguments fail on all but the dismissal of the claim for breach of the covenant of good faith and fair dealing.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REMINGTON FINANCIAL GROUP, INC. : CIVIL ACTION
 :
     v. :
 :
SARAH CORCORAN : NO. 07-1710

## **ORDER**

  AND NOW, this 9th day of October, 2007, it is HEREBY ORDERED that Count III of

the Complaint is DISMISSED.  All other claims in defendant's motion to dismiss are DENIED.

      BY THE COURT:


      /s/ J. William Ditter, Jr.
      J. WILLIAM DITTER JR., S.J.

6